TIMOTHY B. DEL CASTILLO (SBN: 277296)
tdc@castleemploymentlaw.com
KENT L. BRADBURY (SBN: 279402)
kb@castleemploymentlaw.com
**CASTLE LAW: CALIFORNIA EMPLOYMENT COUNSEL, PC**
2999 Douglas Blvd, Suite 180
Roseville, CA 95661
Telephone: (916) 245-0122

Attorneys for Plaintiff
RANA MUSHARBASH

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANA MUSHARBASH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK; DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 2:22-CV-02320-DAD-KJN<br><br>**PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION AND REQUEST FOR ATTORNEYS' FEES**<br><br>**[Cal. Code Civ. Proc. §§1281.97, 1281.99]**<br><br>Date: July 18, 2023<br>Time: 1:30 p.m.<br>Courtroom: 4 |

---

**PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION AND REQUEST FOR ATTORNEYS' FEES**
- 1 –

## I. INTRODUCTION

Plaintiff, Rana Musharbash, ("Plaintiff") hereby submits this Memorandum of Points and Authorities in Opposition to Defendant JP Morgan Chase Bank's ("Chase" or "Defendant") Motion to Compel Arbitration, on the grounds that Defendant is in material breach of the Arbitration Agreement and has waived and forfeited its right to enforce the Agreement, pursuant to California Code of Civil Procedure section 1281.97, by failing to timely pay initiating fees as requested by the arbitration provider.

Plaintiff hereby respectfully requests an award of her Attorneys' Fees incurred in opposing this motion, pursuant to Cal. Code of Civ. Proc. §§ 1281.97(d) and 1281.98.

## II. FACTUAL AND PROCEEDURAL BACKGROUND

### A. Summary of Plaintiff's Claims.

In this matter, Plaintiff brings claims for failure to pay minimum wages, failure to provide meal and rest breaks, failure to provide accurate wage statements, late final pay failure to pay overtime, failure to reimburse business expenses, unfair competition in violation of California Business and Professions Code § 17200, civil penalties under the Private Attorney General Act, discrimination in violation of the California Fair Employment and Housing Act, harassment in violation of the Fair Employment and Housing Act, failure to prevent harassment, and wrongful termination in violation of public policy. Plaintiff was a teller and assistant manager at Chase Bank and was misclassified as exempt and thus deprived of the benefits of overtime and meal and rest breaks. Plaintiff is also of Arab descent and was harassed and discriminated against, which forms the bases for her claims for discrimination, harassment, and failure to prevent harassment.

On July 8, 2022, Plaintiff filed an arbitration demand, but Defendant waived and forfeited its right to enforce the arbitration agreement, pursuant to California Code of Civil Procedure section 1281.97, by failing to timely pay initiating fees as requested by the arbitration provider, as discussed

more fully below. Thereafter, on September 12, 2022, filed her lawsuit in Solano County Superior Court. Defendant then removed the case to this Court on December 30, 2022.

B. **Defendant Failed To Timely Pay Arbitration Fees.**

On July 8, 2022, Plaintiff submitted her Arbitration Demand to AAA, listing Estefania Santarelli as Defendant's representative. *See* Declaration of Kent L. Bradbury ("Bradbury Decl.") ¶ 2, **Exhibit A**. Plaintiff selected AAA as the arbitration administrator because the arbitration agreement with Defendant stated that arbitration would be initiated through submission of a demand to AAA. *See* Bradbury Decl. ¶ 3, **Exhibit B**. Ms. Santarelli was identified as the company representative because she had responded to Plaintiff's request for personnel and payroll records and was the only individual at Chase that had communicated with Plaintiff's counsel. Bradbury Decl. ¶ 4, **Exhibit C**. *In Ms. Santarelli's email responding to the request and providing records, she identified herself as working for the Legal and Compliance Department of JP Morgan Chase. See Id.* Furthermore, Ms. Santarelli copied attorney Jacob Marshall in her email. Mr. Marshall is an Assistant General Counsel for JP Morgan Chase, located in Chicago, Illinois. Mr. Marshall was aware of the arbitration proceedings from the beginning, as evidenced by his email to Plaintiff's counsel on July 29, 2022. See Bradbury Decl. ¶ 5, **Exhibit D**.

On July 18, 2022, AAA sent an invoice via email to Ms. Santarelli (who was obviously in communication with Mr. Marshall about Plaintiff's claims), as well as Lela Cetoute, who is (or was at the time) an executive assistant with JP Morgan Chase's Legal Department in Chicago. *See* Bradbury Decl. ¶ 6, **Exhibit E(1)**. Attached to this email was an invoice, and a letter explaining that payment on the invoice was due within 30 days pursuant to California Code of Civil Procedure section 1281.98. Bradbury Decl. ¶ 6, **Exhibit E(2), E(3)**.

On July 29, 2022, my co-counsel, Timothy Del Castillo, engaged in email communication with Mr. Marshall, Defendant's deputy general counsel. Bradbury Decl. ¶ 7, **Exhibit F**. In that email

conversation, Mr. Marshall asked Mr. Del Castillo for an extension.  Mr. Del Castillo responded by clarifying whether Mr. Marshall was seeking an extension of time to pay the invoice from AAA, to respond to AAA request for the selection of an arbitrator, or to provide an answering statement.  Mr. Marshall responded that he was only seeking an extension of time to select an arbitrator.  *See Id*.  Thus, Mr. Marshall was clearly aware of the existence of the invoice on or before July 29, 2022.

On August 2, 2022, a AAA representative sent an email reminder regarding the pending invoice that had not yet been paid, indicating that payment was due within 30 days of July 18, 2022.  Bradbury Decl. ¶ 8, **Exhibit G**.  On August 12, 2022, outside counsel for Defendant sent an email to Plaintiff's counsel indicating they had been retained to represent Defendant in the arbitration matter, and discussing the selection of an arbitrator.  Bradbury Decl. ¶ 8, **Exhibit H**.  On September 7, 2022, almost *two months after the invoice had originally been sent*, AAA sent another reminder email, now to Defendant's retained counsel, asking for payment on the now overdue invoice. Bradbury Decl. ¶ 10, **Exhibit I**.  On September 8, 2022, Plaintiff's counsel informed AAA and Defendant's counsel that Plaintiff was exercising her right to withdraw from arbitration due to Defendant's material breach of the arbitration agreement pursuant to California Code of Civil Procedure section 1281.97.  Bradbury Decl. ¶ 11, **Exhibit J**.  On September 12, 2022, AAA provided a notice via email to Plaintiff's and Defendant's counsel that it was closing the matter. Bradbury Decl. ¶ 12, **Exhibit K**.  Plaintiff then filed her complaint in this matter in Solano County Superior Court on September 12, 2022.  Bradbury Decl. ¶ 12. *See also* Dkt. No. 1-1.

**III.    LAW & ARGUMENT**

    **A. Defendant is in Breach of its Arbitration Agreement and has Waived its Right to Compel Arbitration.**

"California recently enacted legislation which seeks to end these exact abusive tactics that employers use to deny their employees justice—forcing them to arbitrate their legal claims and then

suspending the process by refusing to pay the arbitration fees." *Mitchell v. CoreLogic, Inc.*, 2019 U.S. Dist. LEXIS 224801 **7. On October 13, 2019, California adopted Senate Bill 707:

> (d) A company's strategic non-payment of fees and costs severely prejudices the ability of employees or consumers to vindicate their rights. This practice is particularly problematic and unfair when the party failing or refusing to pay those fees and costs is the party that imposed the obligation to arbitrate disputes.
>
> (e) In Brown v. Dillard's Inc., (2005) 430 F.3d 1004, the United States Court of Appeals for the Ninth Circuit held that, under federal law, an employer's refusal to participate in arbitration pursuant to a mandatory arbitration provision constituted a breach of the arbitration agreement. In Sink v. Aden Enterprises, Inc. (2003) 352 F. 3d 1197, the Ninth Circuit held that, under federal law, an employer's failure to pay arbitration fees as required by an arbitration agreement constitutes a material breach of that agreement and results in a default in the arbitration.
>
> (f) It is the intent of the Legislature in enacting this measure to affirm the decisions in Armendariz v. Foundation Health Psychcare Services, Inc. Brown v. Dillard's Inc., and Sink v. Aden Enterprises, Inc. that a company's failure to pay arbitration fees pursuant to a mandatory arbitration provision constitutes a breach of the arbitration agreement and allows the non-breaching party to bring a claim in court.

SB 707, Section 1, subparts (d) – (f), published October 14, 2019.

This issue is about access to justice. Defendant had still failed to pay the initial invoice from AAA on September 7, 2022, fifty-one days after the invoice had been sent. Bradbury Decl. ¶ 10.

Based on the written communications attached to the Declaration of Kent L. Bradbury, Defendant's statements that its representatives did not appear in the arbitration until August 15, 2022, are false. *See* Defendant's Points and Authorities in Support of Motion to Compel Arbitration, p. 6, lines 19-20. Defendant does not dispute that Ms. Santarelli—who was the only representative of Defendant that Plaintiff's counsel had ever had contact with—received the invoice on July 18, 2022. Bradbury Decl., **Exhibit E**. Lela Cetoute also received the invoice on the same date. Both of these persons worked in the Legal Department of JP Morgan Chase Bank. Defendant's attempt to paint these persons as working for wholly unrelated entities belies the truth that Ms. Cetoute worked in the same office location and the same department as Mr. Marshall, Defendant's assistant general counsel,

and that Ms. Santarelli had provided Plaintiff's personnel and payroll records, and, ***as admitted by Defendant***, informed Mr. Marshall of the pendency of the arbitration proceedings.  *See* Defendant's Points and Authorities in Support of Motion to Compel Arbitration, p. 6, lines 10-12.  Notably absent from Defendant's motion is any declaration from Ms. Santarelli or Mr. Marshall stating that Mr. Marshall was unaware of the existence of the invoice after it was sent on July 18, 2022.

In addition, on July 29, 2022, Mr. Marshall reached out to Plaintiff's counsel via email and introduced himself as the point of contact for the arbitration matter.  ***Regardless, Defendant had agreed to AAA as the arbitration administrator and had received the initiating invoice no later than July 18, 2022***.  The invoice payment was due upon receipt, and was late thirty-one days later, regardless of the fact that the many persons working for Defendant in receipt of the invoice, and aware of the arbitration proceedings, failed to act and pay the invoice when due. Additionally, Defendant's legal representative in the matter, Mr. Marshall, failed to request an extension on the payment of the invoice when prompted to do so by Plaintiff's counsel.  *See* Bradbury Decl., **Exhibit F**.

Based on this pervasive problem of intentional delay, the California Legislature proposed, and the Governor approved on October 13, 2019, Senate Bill 707, which amends Cal. Code Civ. Procedure sections 1280 through 1281.99, to provide serious consequences and mandatory penalties for this type of delay.

> (a)(1) In an employment or consumer arbitration that requires, either expressly or through application of state or federal law or the rules of the arbitration provider, that the drafting party to pay certain fees and costs before the arbitration can proceed, if the fees or costs required to continue the arbitration proceeding are not paid within 30 days after the due date, the drafting party is in material breach of the arbitration agreement, is in default of the arbitration, and waives its right to compel arbitration under Section 1281.2.
>
> \*\*\*
>
> (b) If the drafting party materially breaches the arbitration agreement and is in default under subdivision (a), the employee or consumer may unilaterally elect to do any of the following:

> (1) Withdraw the claim from arbitration and proceed in a court of appropriate jurisdiction.
>
> ***

Cal. Code Civ. Proc. § 1281.97.

California Federal District Courts have upheld the mandatory provisions of Code of Civil Procedure section 1281.97, holding sections 1281.97 and 1281.98 are not preempted by the FAA, and are not unconstitutional because they support rather than impair arbitration agreements. *Agerkop v. Sisyphian Llc*, 2021 U.S. Dist. LEXIS 93905 *13, *16 (C.D. Cal., April 13, 2021); *Daniels v. Securitas Sec. Servs. United States*, 2021 U.S. Dist. LEXIS 109388 (C.D. Cal. May 27, 2021).

Additionally, there is no exception under the statute for unintentional late payment, clerical error, or lack of prejudice to the Plaintiff. The California Court of Appeal has made clear that the statutory 30-day payment deadline is unambiguous and strictly enforced, regardless of intent, mistake, or prejudice. *Espinoza v. Superior Ct. of Los Angeles Cnty.,* No. B314914, 2022 WL 4480057, at *5 (Cal. Ct. App. Sept. 27, 2022).

> Under the plain language of the statute, then, ***the triggering event is nothing more than nonpayment of fees within the 30-day period—the statute specifies no other required findings, such as whether the nonpayment was deliberate or inadvertent, or whether the delay prejudiced the nondrafting party***. The plain language therefore indicates the Legislature intended the statute to be strictly applied whenever a drafting party failed to pay by the statutory deadline.

*Id*. (emphasis added).

Because Defendant failed to pay fees so that arbitration could commence for 51 days after the invoice was sent, Plaintiff elected to withdraw from arbitration and proceed with her action in Court.

### B. Plaintiff is Entitled to Recover Her Attorneys' Fees

Further, the Act *requires* monetary sanctions be imposed against Defendant. The Court ***shall*** impose a monetary sanction, and ***may*** impose other evidentiary and terminating sanctions, against a drafting party that materially breaches an arbitration agreement.

> (a) The Court shall impose a monetary sanction against a drafting party that

materially breaches an arbitration agreement pursuant to subdivision (a) of Section 1281.97 or subdivision (a) of Section 1281.98, by ordering the drafting party to pay the reasonable expenses, including attorney's fees and cost, incurred by the employee or consumer as a result of the material breach.

(b) In addition to the monetary sanction described in subdivision (a), the court may order any of the following sanctions against a drafting party that materially breaches an arbitration agreement pursuant to subdivision (a) of Section 1281.97 or subdivision (a) of Section 1281.98, unless the court finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust.

(1) An evidence sanction by an order prohibiting the drafting party from conducting discovery in the civil action.

(2) A terminating sanction by one of the following orders:

(A) An order striking out the pleadings or parts of the pleadings of the drafting party.

(B) An order rendering a judgment by default against the drafting party.

(3) A contempt sanction by an order treating the drafting party as in contempt of court.

Cal. Code Civ. Proc. § 1281.99.

It is abundantly clear from the legislative history, and from the severity of the mandatory sanctions, and the additional sanctions available, that the California Legislature intended these code sections to be applied liberally and powerfully to protect Plaintiffs from the exact type of abuse and delay in which Defendant has engaged. California law requires significant consequences for this delay.

Plaintiff respectfully requests that this Court award Plaintiff the amount of her attorneys' fees incurred in opposing Defendant's Motion to Compel Arbitration, in the amount of at least $3,000.00, and any additional attorneys' fees incurred in appearing for a hearing on this Motion, if necessary. Bradbury Decl. ¶ 14.

## C. Plaintiff's Representative PAGA Claim Cannot be Dismissed.

Defendant also argues that if Plaintiff's claims are compelled to arbitration (including her "individual PAGA claim"), then her "non-individual representative PAGA claim must be dismissed." Mot. at 22–23. Defendant argues that this Court is bound by the "controlling holding" of *Viking River* on this issue, but it is wrong. The issue of PAGA standing is a question of California state law, which mandates that a representative PAGA plaintiff retains standing even if his or her individual PAGA claim is compelled to arbitration. *See Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906, 1925 (2022) (J. Sotomayor, concurring) ("[T]he Court reasons, based on available guidance from California courts, that Moriana lacks "statutory standing" under PAGA to litigate her "non-individual" claims separately in state court. Of course, if this Court's understanding of state law is wrong, California courts, in an appropriate case, will have the last word."); *Shams v. Revature LLC*, No. 22-CV-01745-NC, 2022 WL 3453068, at *3 (N.D. Cal. Aug. 17, 2022); ("Although the Supreme Court suggests that under PAGA, Moriana lost standing to pursue her non-individual PAGA claims, because the California Supreme Court is the final arbiter of California law, this Court applies *Kim*'s interpretation of PAGA standing to this case. . . . Shams was employed by Revature and alleges that she suffered at least one of the asserted PAGA Labor Code violations, thus she is an aggrieved employee with standing to pursue penalties on the State's behalf.") (relying on *Kim v. Reins Int'l California, Inc.*, 9 Cal. 5th 73, 90, 459 P.3d 1123, 1133 (2020)); *see also, e.g.*, *Seifu v. Lyft, Inc.*, 89 Cal. App. 5th 1129 (2023) ("[W]e are not required to follow the Court's interpretation of PAGA and its standing requirements in *Viking River*."); *Gregg v. Uber Techs., Inc.*, 89 Cal. App. 5th 786, 306 Cal. Rptr. 3d 332, 344 (2023) ("[W]e hold that under California law, an alleged "aggrieved employee" (§ 2699, subd. (c)) is not stripped of standing to assert non-individual PAGA claims in court simply because he or she has been compelled to arbitrate his or her individual PAGA claim."); *Galarsa v. Dolgen California, LLC*, 88 Cal. App. 5th 639, 653, 305 Cal. Rptr. 3d 15, 25 (2023) ("[A] plaintiff's

PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION AND REQUEST FOR ATTORNEYS' FEES
- 9 –

PAGA standing does not evaporate when an employer chooses to enforce an arbitration agreement."); *Piplack v. In-N-Out Burgers*, 88 Cal. App. 5th 1281, 1291–92, 305 Cal. Rptr. 3d 405, 413 (2023), review filed (Apr. 17, 2023) ("Regardless of whether plaintiffs' individual claims are compelled to arbitration, they nevertheless were employed by the alleged violator and claim that one or more of the alleged violations were committed against them. Thus, even with their individual claims forced into a separate forum (or pared away), they satisfy the test for standing described by the California Supreme Court, which binds us."); *Nickson v. Shemran, Inc.*, 90 Cal. App. 5th 121, 306 Cal. Rptr. 3d 835, 845 (2023) ("We . . . conclude that Nickson has standing to litigate nonindividual PAGA claims in the superior court notwithstanding his agreement to arbitrate individual PAGA claims."). Thus, even if Plaintiff's individual claims are compelled to arbitration—which they should not be—her representative non-individual PAGA claim cannot be compelled to arbitration and she retains standing to pursue that claim in court.

At a minimum, this Court should stay adjudicating the issue of Plaintiff's representative PAGA standing until the California Supreme Court decides the issue. *See Colores v. Ray Moles Farms, Inc.*, No. 121CV00467JLTBAM, 2023 WL 2752379, at *7 (E.D. Cal. Mar. 31, 2023) ("Because of Justice Sotomayor's qualification, the section of *Viking River* discussing standing obtained only "four unqualified votes." California Lab. & Workforce Dev. Agency, 2023 WL 2466236, at *3. And the California Supreme Court has taken up the issue of statutory standing in the pending case *Adolph v. Uber Technologies, Inc.*, No. G059860, 2022 WL 1073583 (Cal. Ct. App., Apr. 11, 2022), review granted (Cal. July 20, 2022). Accordingly, as several other courts have done, the Court will STAY Colores's representative PAGA claims.").

### IV. CONCLUSION

Based on all of the above, pursuant to Cal. Code Civ. Proc. section 1281.97, subparts (a) and (b)(1), Plaintiff properly elected to withdraw from arbitration and to bring this action in Court.

Plaintiff respectfully requests this Court deny Defendant's Motion to Compel Arbitration.

Further, pursuant to Cal Code Civ. Proc. Section 1281.99(a), Plaintiff respectfully requests monetary sanctions awarded to Plaintiff, in the amount of at least $3,000.00, as reasonable expense incurred by Plaintiff as a result of Defendant's breach, as set forth in the supporting Declaration of Kent Bradbury.

Pursuant to Cal Code Civ. Proc. Section 1281.99(a), Plaintiff will file a separate motion to recover "reasonable expenses, including attorney's fees and costs, incurred by the employee or consumer as a result of the material breach," including Plaintiff's non-refundable JAMS filing fee.

DATED: May 10, 2023              **Castle Law: California Employment Counsel, PC**

By: _____
Timothy B. Del Castillo
Kent L. Bradbury
Attorneys for Plaintiff RANA MUSHARBASH